IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| STEVIE ANDRE ROBERSON | § | |
|---|---|---|
| v. | § | CIVIL ACTION NO. 6:08cv324 |
| DIRECTOR, TDCJ-CID | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT</u>

The Petitioner Stevie Roberson, proceeding *pro se*, filed this application for the writ of habeas corpus complaining of the failure to release him on mandatory supervision. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Roberson complained that he is serving a sentence for the offense of manufacture and delivery of a controlled substance, for which he should be eligible for release on mandatory supervision. However, in January of 2008, he received a time sheet showing no mandatory supervision release date. He asked a counselor about this and was told that he was not eligible for release on mandatory supervision because of a rape conviction he had received in 1982. Roberson says that he received a three-year sentence for this conviction which has long since been served and discharged in full, and his present sentence was not enhanced in any way by this prior conviction.

Roberson states that he has not had any other sex offenses for 25 years, but that a 1996 statute is being applied to his 1982 conviction, rendering him ineligible for release on mandatory supervision. He also argues that he is being punished again for the 1982 conviction because he was not given notice before being declared ineligible for release on mandatory supervision and that he is being subjected to double jeopardy.

1

After review of the pleadings, the Magistrate Judge issued a Report recommending that the petition be dismissed. The Magistrate Judge noted that under Texas law, the law in effect at the time of the holding conviction governs eligibility for release on mandatory supervision. In this case, the holding conviction is Roberson's 2004 conviction for delivery of a controlled substance.

The law governing mandatory supervision which was in effect in 2004 provided that an inmate may not be released to mandatory supervision if he is serving a sentence for or has previously been convicted of certain offenses, including sexual assault. Thus, the Magistrate Judge reasoned, because Roberson had been previously convicted of rape, the law in effect at the time that he committed the holding offense provided that he was not eligible for release on mandatory supervision. Thus, there was no *ex post facto* or double jeopardy violation, and Roberson did not show that he was entitled to notice prior to the determination being made that he was not eligible for release on mandatory supervision. The Magistrate Judge therefore recommended that Roberson's petition be dismissed and that he be denied a certificate of appealability *sua sponte*.

Roberson received a copy of the Magistrate Judge's Report on or before October 16, 2008, but filed no objections thereto; accordingly, he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc)*.

The Court has reviewed the pleadings in this case and the Report of the Magistrate Judge. Upon such review, the Court has determined that the Report of the Magistrate Judge is correct. It is accordingly

ORDERED that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Stevie Roberson is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**SIGNED this 29th day of December, 2008.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE